UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

OCT 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| STRATEGIC LENDING SOLUTIONS, LLC | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) <br> ) |
| vs. | ) <br> ) <br> ) |
| JOSEPH L. HEARD, SR., d/b/a JLH & ASSOCIATES, and ARPEGGIO INVESTMENTS, LP and ARPEGGIO MANAGEMENT, LLC | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) |

Case No.

Hon.

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiff, Strategic Lending Solutions, LLC, by and through its attorneys,

The Patterson Law Firm, PC, for its Complaint against Defendants Joseph L.

Heard, d/b/a JLH & Associates, Arpeggio Investments, LP, and Arpeggio

Management, LLC, states as follows:

## PARTIES

1.     Plaintiff Strategic Lending Solutions, LLC is a limited liability

company organized under the laws of Illinois.  Strategic Lending Solutions,

LLC is engaged in the business of securing financing from lenders on behalf

of businesses.

partnership which provides funds to brokers such as Strategic Lending

Solutions, LLC.  Arpeggio Investments, LP entered into a joint venture with

Defendant Joseph L. Heard to purchase a secured note from Plaintiff.

3.    Defendant Arpeggio Management, LLC is a Pennsylvania limited

liability company and the general partner of Arpeggio Investments, LP.

4.    Defendant Joseph L. Heard, Sr. is a citizen of Pennsylvania doing

business as JLH & Associates.  Joseph L. Heard entered into a joint venture

with Defendant Arpeggio Investments, LLP to purchase a secured note from

Plaintiff.

**JURISDICTION AND VENUE**

5.    Subject matter jurisdiction is appropriate pursuant to 28 USC § 1332

because there is complete diversity of citizenship between the parties and the

amount in controversy is greater than seventy-five thousand dollars

($75,000).

6.    Personal jurisdiction is appropriate because defendants have

purposefully availed themselves of the laws of Illinois and because personal

jurisdiction is proper under 735 ILCS 5/2-209.

7.    Venue is appropriate pursuant to 28 USC § 1391(a)(2) because a

substantial part of the events giving rise to the claim occurred in Chicago,

Illinois.

8.     Strategic Lending Solutions (hereinafter "SLS") held a secured note from one it its clients, the face value of which was $465,000. (The "Secured Note")

9.     SLS needed to raise capital before the Secured Note came due, so it engaged a broker, Don Adams, to sell the Secured Note in the note broker community.

10.     On or about May 16, 2007, Arpeggio, LP (hereinafter "Arpeggio), in a joint venture with Joseph L. Heard d/b/a JLH Associates (hereinafter "JLH"), agreed to purchase the Secured Note for $350,000.  The payment was to occur on or before May 23, 2007. (See Commitment Letter of May 16, 2007, attached hereto as Exhibit A, hereinafter "Commitment Letter, Ex. A").  SLS was required to pay up front $7,000 in expenses as a condition precedent to obtaining the funding. (See May 16, 2007, memorandum from Joseph Heard to Brian Knight, attached hereto as Exhibit B).

11.     On or about May 17, 2007, SLS wired the $7,000 to Judy L. Heard, Joseph Heard's wife, at Heard's request.  (Harris Bank Wire Transfer Request, attached hereto as Exhibit C, hereinafter "Wire Transfer, Ex. C").  SLS was ready, willing, and able to fully perform on May 23, 2007.  Both Arpeggio and JLH failed to purchase the Secured Note.  SLS performed all conditions precedent.

12.     On May 24, 2007, Arpeggio provided SLS with a letter stating that it could not purchase the Secured Note as was required by the Commitment

Injunction in breach of the contract because it failed to apprise one that it failed to honor the agreement by purchasing the Secured Note. (Letter from Arpeggio Investments to Knight of May 24, 2007, attached hereto as Exhibit D, hereinafter "May 24 Letter, Ex. D").

13.    SLS relied on Defendants' promise and committed the $350,000, which represented the proceeds to which it was entitled from the sale of the Secured Note, to other projects. When Defendants were again unable to purchase the Secured Note, SLS was forced to mitigate its damages by offering the Secured Note for sale in the note brokerage community. Due to SLS's temporal constraints caused by Defendants' delays, the highest offer made on the Secured Note was $250,000, $100,000 less than the price agreed to by Defendants.

14.    Brian Knight, an employee of SLS, had a conversation with Mike Walden of Arpeggio, in which he informed Walden of the damages SLS had suffered as a result of the breach of contract. Walden told Knight to go to JLH to obtain compensation. Knight, on behalf of SLS, agreed to talk to JLH, but did not release Arpeggio from liability for its breach of contract.

15.    On or about June 6, 2007, JLH and SLS orally agreed that JLH could retain the $7,000 payment if JLH would open a secured line of credit for SLS to help mitigate the damages from Defendants' breach of contract. JHL agreed to make the funding available on June 22, 2007. On June 15, 2007, JLH reiterated its commitment to honor this new agreement. (See email

hereinafter "June 15 Email, Ex. E").

16.     In reliance on this new agreement, SLS entered into a venture capital

agreement whereby SLS agreed to provide a $550,000 investment into

another company. Before entering into the agreement, Knight once again

confirmed with JLH that the funds would be ready by June 22, 2007, so that

SLS could close on the venture capital deal by July 10, 2007.

17.     On June 22, 2007, the funding from JLH to SLS was unavailable.

JLH then informed SLS that it was close to securing the line of credit and

that the funds would be available on July 10, 2007, if SLS provided a formal

written request to withdraw funds.

18.     On June 28, 2007, SLS provided the formal written request for the

withdrawal of $550,000 through the secured line of credit that was promised

by JLH. (See Line of Credit Request, attached hereto as Exhibit F,

hereinafter "Line of Credit Request, Ex. F").

19.     On July 10, 2007, JLH provided a written statement to SLS stating

that "[JLH had] available a secure bridge line of credit" for $550,000. (See

letter of July 10, 2007, attached hereto as Exhibit G, hereinafter "July 10

Letter, Ex. G"). According to JLH, all that was necessary to draw from the

line of credit was to secure the line by senior funding, which needed to be

completed by Defendants. (July 10 Letter, Ex. G.) JLH further proposed

putting the funding in an escrow account so that SLS could use the money as

5

proof sketch order to increase its line of credit SLS its class ten cost city.
The funds were still not available to SLS.

20.     On July 20, 2007, JLH agreed to increase SLS's line of credit to
$900,000, which could be drawn on in three weeks if SLS granted yet another
extension. (See Letter of July 20, 2007, attached hereto as Exhibit H,
hereinafter "July 20 Letter, Ex. H"). SLS agreed.

21.     On August 9, 2007, JLH provided SLS with a balance sheet showing
that JLH was going to secure its line of credit with properties held in a trust
called T/A Midwest Strategic Funding Trust, Inc. It listed assets worth
$6,689,140. (See Balance Sheet, attached hereto as Exhibit I, hereinafter
"Balance Sheet, Ex. I").

22.     On August 16, 2007, JLH sent another letter to SLS unilaterally
changing the funding date to August 27, 2007. (See Letter of August 16,
2007, attached hereto as Exhibit J, hereinafter "Aug. 16 Letter, Ex. J"). Once
again, on August 27, 2007, the funding was not available. JLH then
informed that the trust would be set up in three days, and that funding
would therefore be available no later than September 5, 2007.

23.     On or about August 17, 2007, in reliance on the promises and
representations of JLH, SLS entered into a contract with a third party to
invest $40,000 into the company so that it could go public. SLS needed the
funds from the $900,000 line of credit to fulfill its obligations under the
contract.

sent another letter to SLS stating that the funding would now be available in 10 days. (See letter of September 5, 2007, attached hereto as Exhibit K, hereinafter "Sept. 5 Letter, Ex. K"). On September 17, 2007, however, more than 10 days later, the funding was still not available and JLH ceased communication with SLS.

25.    As a result of the breaches of JHL, LVCS threatened to sue SLS for breach of contract because SLS could not make the $40,000 investment.

## COUNT I -- BREACH OF CONTRACT AGAINST
## ARPEGGIO INVESTMENTS, LP and ARPEGGIO MANAGEMENT, LLC

26.    Plaintiff restates and re-alleges paragraphs 1-25 as though fully stated herein.

27.    On or about May 16, 2007, SLS received a commitment of $350,000 from Arpeggio against a promissory note held by SLS. Closing was to occur on May 23, 2007. (Commitment Letter, Ex. A.)

28.    Plaintiff had performed all conditions precedent including wiring $7,000 to an account controlled by Judy Heard, wife of Defendant Joseph L. Heard, d/b/a JLH & Associates. (See Wire Transfer, Ex. C.)

29.    On May 24, 2007, Arpeggio still had not purchased the note. Arpeggio then promised by letter to fulfill its end of the contract, but never fulfilled that obligation. (May 24 Letter, Ex. D.)

30.    Because SLS was in the business of brokering loans, SLS needed the money from the promissory note very quickly so it could fund other deals.

[. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ] promissory note.

32.    SLS was forced to find an alternative buyer for the note because of the breach by Arpeggio Investments, LLC at a loss of more than $100,000. Moreover, Arpeggio Investments, LLC never returned the $7,000 given to it by SLS.

WHEREFORE, the Plaintiff, Strategic Lending Solutions, LLC, respectfully prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants Arpeggio Investments, LP, and Arpeggio Management, LLC, in the sum of $107,000 plus interest and for such other relief that this Court deems appropriate.

## COUNT II – BREACH OF CONTRACT
## AGAINST JOSEPH L. HEARD, d/b/a JLH & ASSOCIATES

33.    Plaintiff restates and re-alleges paragraphs 1-32 as though fully stated herein.

34.    Plaintiff entered a contract with Defendant JLH on May 16, 2007, to sell a promissory note to JLH, acting in joint venture with Defendant Arpeggio.  (Commitment Letter, Ex. A.)

35.    JLH admitted that it breached the contract in a letter dated June 6, 2007.  (See June 6, 2007, Letter from Joseph L. Heard to Knight, attached hereto as Exhibit L).  The letter also stated that JLH returned SLS's $7,000. In fact, Defendants never returned SLS's $7,000.

forced to obtain alternative financing.

37.    Plaintiff's alternative financing resulted in Plaintiff suffering damages of over $107,000 because of the breach by Defendant Heard.

WHEREFORE, the Plaintiff, Strategic Lending Solutions, LLC, respectfully prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Joseph L. Heard, d/b/a JLH & Associates, in the sum of $107,000 plus interest, attorney fees, costs of this suit and for such other relief that this Court deems appropriate.

### COUNT III – BREACH OF CONTRACT
### AGAINST JOSEPH L. HEARD, d/b/a JLH & ASSOCIATES

38.    Plaintiff restates and re-alleges paragraphs 1-37 as though fully stated herein.

39.    On June 6, 2007, in an effort to avoid litigation over his previous breach of contract, JLH promised to create a line of secured credit that Plaintiff could then draw on in exchange for releasing JLH and Arpeggio from a claim of damages resulting from their breach. Arpeggio agreed to this arrangement by telling Knight that JLH would mitigate the damages. Funding was to be available on June 22, 2007.

40.    On June 22, 2007, funding was not available, and JLH informed SLS that it would be available on July 10, 2007, if SLS provided a formal request to draw on the funds.

that line of credit in order to complete a joint venture where SLS was to

invest $550,000 into another business. SLS had performed all conditions

precedent. (Line of Credit Request, Ex. F.)

42.    On July 10, 2007, Defendant still had not issued Plaintiff the funds,

but stated that $550,000 was available and could be put in an escrow account

to show proof of funds for transactions that the Plaintiff entered into. July 10

Letter, Ex. G.)

43.    On July 20, 2007, Defendant JLH sent Plaintiff another letter

increasing the promised line of credit to $900,000 and stating that the

financing must be secured by additional assets, which Defendant JLH was in

the process of doing, and that the process was nearly complete. (July 20

Letter, Ex. H.) JLH never set up an escrow account, nor did it provide a line

of credit.

44.    To substantiate its claim, on August 9, 2007, Defendant JLH sent

Plaintiff a balance sheet as proof that it had the assets to cover the secured

line of credit. (Balance Sheet, Ex. I.)

45.    On August 16, 2007, Defendant JLH informed Plaintiff by letter that

the line of credit would be established by August 27, 2007. (Aug. 16 Letter,

Ex. J.) By August 27, 2007, it had failed to provide the line of credit.

46.    On September 5, 2007, JLH promised SLS that he would secure

financing in 10 days. (Sept. 5 Letter, Ex. K.)

... ... ... ... ... ... ... ...

JLH failed to make financing available.

48.    JLH breached its contract with SLS by failing to set up a secured line of credit on June 22, 2007, July 10, 2007, August 27, 2007, and September 15, 2007.

49.    SLS informed JLH that its breach of contract would result in consequential damages to SLS on or before June 21, 2007. Specifically, Brian Knight notified JLH that SLS had entered into a contract to invest $550,000 into one third party company and 40,000 into a second, yet JLH still committed to have the line of credit ready by September 15, 2007.

50.    In reliance on Defendant JLH's promises, Plaintiff spent time and money securing loans and other ventures which required Defendants' performance to fund. Specifically, it promised to fund $550,000 into a joint venture, and another $40,000 into a casino. Before entering each contract, SLS asked JLH to make assurances that the line of credit would be available. SLS suffered harm to its reputation when it delayed performance and was ultimately unable to perform under its contracts with third parties. Moreover, one of the third parties has threatened to sue SLS for its failure to perform under its contract. SLS suffered direct, consequential, and incidental damages because of the breach by JLH.

    WHEREFORE, the Plaintiff, Strategic Lending Solutions, LLC, respectfully prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Joseph L. Heard, d/b/a JLH & Associates,

... order of SLS or a public company or any proper court of law or such other
deems appropriate.

## COUNT IV – BREACH OF CONTRACT AGAINST
## ARPEGGIO INVESTMENTS, LP AND ARPEGGIO MANAGEMENT, LCC

51.     Plaintiff restates and re-alleges paragraphs 1-50 as though fully stated
herein.

52.     On or about June 6, 2007, Mike Walden of Arpeggio, in an effort to
prevent a lawsuit, designated JLH as its agent and informed SLS that it
should obtain compensation for the losses it suffered as a result of Arpeggio
and JLH's breach from JLH.

53.     SLS did not release Arpeggio from liability for its breach of contract.

54.     JLH was acting in part on behalf of Arpeggio from June 6, 2007,
through September 15, 2007.

55.     Arpeggio breached its contract with SLS because it is liable for the
actions that JLH took on its behalf to prevent a lawsuit from being filed
against both Arpeggio and JLH.

56.     In reliance on Defendant Arpeggio's assurances that JLH would
compensate SLS, Plaintiff spent time and money securing loans and other
ventures for which Arpeggio was responsible for funding.  Specifically, SLS
was responsible for funding $550,000 into a joint venture, and another
$40,000 into a casino.  Before entering each contract, SLS asked Arpeggio,
through JLH, to make assurances that the line of credit would be available.

As entitled at equal was greatest, related to indicate special causes with breach by Arpeggio.

WHEREFORE, the Plaintiff, Strategic Lending Solutions, LLC, respectfully prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants Arpeggio Investments, LP, and Arpeggio Management, LLC, in the sum of $400,000 plus interest and for such other relief that this Court deems appropriate.

### COUNT V – FRAUD AGAINST JOSEPH L. HEARD, d/b/a JLH & ASSOCIATES

57.    Plaintiff restates and re-alleges paragraphs 1-56 as though fully stated herein.

58.    In order to avoid legal action by Plaintiff, Defendant JLH represented to Plaintiff that he could secure a $550,000 line of credit for Strategic Lending Solutions on or before June 22, 2007.

59.    On July 10, 2007, Defendant JLH wrote Plaintiff a letter stating that "[it had] available a secure bridge line of credit." (July 10 Letter, Ex. G.)  In fact, Defendant JLH did not secure a bridge line of credit for Plaintiff.

60.    On July 20, 2007, Defendant JLH wrote another letter to Plaintiff stating, "Regarding our discussion for a $900,000.00 bridge line of credit, we have available a secure bridge line of credit. . . . We have been working on this process for about three weeks.  It is nearly complete." (July 20 Letter, Ex. H.)  In fact, Defendant JLH knew that the process was not nearly complete.  Defendant JLH knew that he would be unable to perform.

balance sheet attached, stating that the balance sheet "represent[ed] the assets and liabilities which [Brian Knight] or [SLS] will manage with a line of credit of $1,000,000." (Balance Sheet, Ex. I.)

62.    Defendant JLH provided Plaintiff with a balance sheet purporting to be from T/A Midwest Strategic Funding Trust, Inc. showing $6,689,140 in assets to be used in securing the line of credit for Plaintiff. (Balance Sheet, Ex. I.)

63.    T/A Midwest Strategic Funding Trust, Inc. is not an incorporated entity. Defendant JLH knew this fact and intentionally misrepresented the existence of the alleged corporation and the assets belonging to the alleged corporation.

64.    In a letter dated September 5, 2007, Defendant JLH once again referred to the balance sheet, stating, "Please refer to the Balance Sheet Pro Forma we sent to you for proof of capability." (Sept. 5 Letter, Ex. K).

65.    Defendant JLH intended to induce the Plaintiff to forbear on its lawsuit against Defendants by providing Plaintiff with false and misleading information. Defendant JLH intended to prevent Plaintiff from obtaining alternative financing by repeatedly requiring that Plaintiff close with his office. (July 10 Letter, Ex. G).

66.    In reliance on the statements by Defendant JLH, Plaintiff entered into a contract with a third party to provide $40,000 in funding. Plaintiff failed to

possible for more and better litigation, so a final damage of many within

$400,000.

67.    Plaintiff actually relied on these statements and did not sue

Defendants for their previous breach and did not require Defendants to

return its $7,000.

WHEREFORE, the Plaintiff, Strategic Lending Solutions, LLC,

respectfully prays that this Honorable Court enter judgment in favor of the

Plaintiff and against the Defendant Joseph L. Heard, d/b/a JLH & Associates,

in the sum of $400,000 plus punitive damages, interest, attorney fees, costs of

this suit and for such other relief that this Court deems appropriate.

Respectfully Submitted,

October 30, 2007                     By: _Kristi L. Browne_
                                          Kristi L. Browne

Thomas E. Patterson (3128587)
Kristi L. Browne (6195553)
Attorneys for Plaintiff
The Patterson Law Firm, P.C.
33 N. LaSalle, Suite 3350
Chicago, Illinois 60602
(312) 223-1699

VERIFICATION

Brian Knight, being first duly sworn, states as follows:

a.    I am an employee of Strategic Lending Solutions, LLC and am authorized to act

on its behalf;

b.    I have read the above and foregoing Verified Complaint and Exhibits and know

the contents thereof; and

c.    Allegations made herein are true, correct and complete to the best of my

knowledge and belief.

Further affiant sayeth not.

_____
Brian Knight

_____
Title

_____
Company

Subscribed and sworn to
before me this 26 day
of October, 2007.

_____
Notary Public

"OFFICIAL SEAL"
INAYAT PRADHAN
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 01/18/2010

*Arpeggio Investments LP*
*PO Box 497*
*Wynnewood, PA 19096*
*215-751-9050*
*mwaldenloans@comcast.net*

May 16, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

### Re: Bridge Loan Commitment – $350,000.00

Dear Brian,

We are providing you a commitment of $350,000.00, bridge funding, against your Promissory Note. Bridge Funding is subject to having in a Security, Facility that can be Hypothecated by the Bridge Loan Amount.

Bridge funding may be closed out by senior funding. Closing will take place at a location designated by Arpeggio Investments LP. Loan will be Funded on or before May 23, 2007.

If you have any questions concerning the above, please contact me at the number shown herein.

Yours truly,

Mike Walden
Arpeggio Investments LP

# Memorandum

Date:      May 16, 2007

To:        Brian Knight

From:      Joe Heard

Subject:   Expenses in Connection with Bridge Funding

---

Dear Brian,

Per our conversation this afternoon, I am sending you this memo regarding the expenses to be incurred in connection with securing bridge funding related to your promissory note.

We agreed to $7,000.00. This will cover roundtrip airfare for professionals, lodging, some meals, ground transportation, professional fees, supplies, cost of documentation, time and other related expenses.

My banking information for the wire follows:

> PNC Bank
> ABA #031000053
> Account #8606637774
> Further Credit to Judy L. Heard

I am glad to be able to work with you.

Thank you,

*Joseph L. Heard, Sr.*

Joseph L. Heard, Sr.

EXHIBIT

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Joseph L. Heard Sr.    215-477-1075

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Arpeggio Investments LP
PO Box 497
Wynnewood, PA 19096

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Strategic Lending Solutions LLC | | | | |
| OR  1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 231 W. Main Street | Carpentersville | IL | 60110 | USA |

| 1d. TAX ID #:  SSN OR EIN  NOT REQUIRED IN WIS * | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION  LLC | 1f. JURISDICTION OF ORGANIZATION  IL | 1g. ORGANIZATIONAL ID #, if any  IL01515861 | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Knight | Brian | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 231 W. Main Street Suite 210 | Carpentersville | IL | 60110 | USA |

| 2d. TAX ID #:  SSN OR EIN  NOT REQUIRED IN WIS * | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Arpeggio Investment LP | | | | |
| OR  3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO Box 497 | Wynnewood | PA | 19096 | USA |

4. This FINANCING STATEMENT covers the following collateral:

1.) All assets of Strategic Lending LLC,
2.) Strategic Lending LLC,
3.) All Personal Property of Brian Knight,
4.) All Real Property of Brian Knight

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum  [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)  [ADDITIONAL FEE]  [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

 **HARRIS** WIRE TRANSFER REQUEST

| DATE: | ACCOUNT TYPE: (CHECK ONE) | METHOD OF REQUEST: | REQUESTED EXECUTION DATE (IF DIFFERENT) |
|---|---|---|---|
| 5/17/2007 | ☒ PERSONAL  ☐ NON-PERSONAL  ☒ DOMESTIC  ☐ INTERNATIONAL | ☒ IN-PERSON  ☐ FAX  ☐ PHONE  ☐ MAIL (or Email)  ☐ INTERNAL | 5/17/2007 |

## CUSTOMER INFORMATION (Completed by Preparer)

**DEBIT ACCOUNT TYPE:** ☒ CHECKING ACCOUNT  ☐ CHECK (credit DDA 1094017)  ☐ INSTALLMENT LOAN (i.e HELOC)
☐ CLOSE ACCOUNT  ☐ SAVINGS ACCOUNT  ☐ CASH (credit DDA 1094017)  ☐ COMMERCIAL LOAN

**DEBIT ACCOUNT # (Account to be charged):** 4806619998

**AVAILABLE BALANCE:** 14227.29

**NAME ON ACCOUNT (ORIGINATOR):** STRATEGIC LENDING SOLUTIONS, LLC

**NAME OF INDIVIDUAL MAKING REQUEST:** BRIAN KNIGHT

**STREET ADDRESS**

**CITY / STATE / ZIP**

**TELEPHONE NUMBER** 847-836-6901

## WIRE TRANSFER INFORMATION (Completed by Preparer)

**Domestic** (beneficiary within U.S.)    **International** (beneficiary outside U.S.)

| AMOUNT OF WIRE: U.S. DOLLARS | 7,000.00 | AMOUNT OF WIRE FOREIGN | US ☐ |
| | | CURRENCY TYPE | Foreign ☐ |

**FEE** $20.00 | **FEE**

**TOTAL CHARGE TO CUSTOMER:** 7,020.00 | **TOTAL CHARGE TO CUSTOMER:**

## BENEFICIARY INFORMATION

**BANK ABA (or SWIFT if international):** *031000053 | **BANK NAME:** PNC BANK

**BANK ADDRESS / CITY / STATE / ZIP / COUNTRY (if International)**

**BENEFICIARY NAME (NAME ON ACCOUNT):** JUDY L HEARD | **BENEFICIARY ACCOUNT NUMBER:** *8606637774

**BENEFICIARY ADDRESS / CITY / STATE / ZIP (COUNTRY if International)**

**FOR FURTHER/FINAL CREDIT OR OTHER ADDITIONAL INFORMATION:**

## WIRE TRANSFER DISCLOSURE INFORMATION (International Wires)

Due to the nature and complexity of international banking, it is impossible for Harris to make any guarantees on foreign wire transfers (cables) and /or drafts. We use the fastest and safest method on each item we process. Our fees at the outset cover only our costs in sending funds. Additional fees can be (and often are) incurred by necessary tracing, recall of funds, rate changes and verifications required by foreign banks. While we try to keep these risks to a minimum to protect our customers, we have no control over foreign banks. It should be understood any additional costs or fees are passed on to the customer; the bank is not responsible for variances in foreign exchange rates. As originating bank, Harris relies on the customer for accurate and complete instructions for the receiver/beneficiary bank specifications. Erroneous information can (and often does) result in nonpayment or delay of funds and significant monetary impact to the originator.

**CUSTOMER SIGNATURE:**
(customer agrees to and confirms all applicable information above) **X** _Brian Knight_

**Directive & Procedure Exception Documentation, Justification and Approval (required for all exceptions):**

(Signature of individual authorized to make exceptions to Directives):

**Print Name:** ___ **Sign Name: X** ___

| Bank Use Only | ☐ Called wire into GPS by: | X | Time: | GPS Processor | X |
| | ☐ Email confirmation sent to GPS by: (if > $50,000) | X | Time: | MoneyNet Ref #: | |

### IN-PERSON REQUEST
## COMPLETED BY PREPARER

| HOW IS CUSTOMER IDENTIFIED? | ☒ Primary/Secondary ID |
| | ☒ Sig. Card/SQN |
| | ☐ Other (Specify): |

| HOW IS CUSTOMER AUTHORIZED? | ☐ Resolution (Non-Personal Account) |
| | ☐ Sig. Card/SQN (Personal Account) |
| | ☐ Bank Records/System |

**PREPARER'S NAME & PHONE** NORMA ACEVEDO 847-426-2473

**PREPARER'S SIGNATURE** X

## COMPLETED BY APPROVER

☐ Customer ID/Signature Verified
☐ Confirm Available Balance
☐ Review Wire Request Information

**APPROVER'S NAME & PHONE**

**APPROVER'S SIGNATURE** X

### NON-IN-PERSON REQUEST
## COMPLETED BY PREPARER

| HOW IS CUSTOMER AUTHORIZED? | ☐ Resolution (Non-Personal Account) |
| | ☐ Sig. Card/SQN (Persona Account) |
| | ☐ Bank Records/System |

**VOICE ID (KC) BY:**

| HOW IS CUSTOMER IDENTIFIED? | **OR** |
| | OBTAINED FROM CUSTOMER  VERIFIED TO BANK RECORDS |
| TAX ID | ☐  ☐ |
| ACCT. OPEN DATE | |
| AMT LAST DEPOSIT | |
| M M N | |
| OTHER (specify) | |

**PREPARER'S NAME & PHONE**

**PREPARER'S SIGNATURE** X

## COMPLETED BY APPROVER

☐ Confirm Available Balance
☐ Customer Authorization or Signature Verified

**CALLBACK:**
☐ Individual Contacted (Should be Someone other than Submitter if possible)

**Name:**

**Phone #:**

☐ Wire Request Information Verified with customer

**APPROVER'S NAME & PHONE**

**APPROVER'S SIGNATURE** X

**LOAN-FUNDED WIRES (IF APPLICABLE):**
☐ Email to Business Loan Accounting (if serviced by BLST)
☐ Email to Harris Loan Policy (if serviced by CLC)

EXHIBIT

## *Arpeggio Investments LP*

*PO Box 497*
*Wynnewood, PA 19096*
*215-751-9050*
*mwaldenloans@comcast.net*

May 24, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

### Re:  Update

Dear Brian,

I am sorry for the delay in completing our commitment agreement.  The delay was due to circumstances beyond our control.  However, we are still determined to carry out our responsibilities under the agreement.

According to my itinerary, I am scheduled to be in Phoenix tomorrow.  I will be there to complete the process.  At that time, once I have the actual collateral in hand, I will be able to give you a closing date.

If you have any questions concerning the above, please contact me at the number shown herein.

Yours truly,

Arpeggio Investments LP

Kristina Ash

From:    Josephineard@aol.com
Sent:    Friday, June 15, 2007 7:53 AM
To:      bknight@strategiclendingsolutions.net
Subject: Re: Agreement

Hello, Brian.
   I am willing to work this. I will call you to go over the details.   Thanks.
Joe Heard.

---

See what's free at AOL.com.



*Strategic*
*Lending*

## Line of Credit Request
June 28, 2007

Joseph Heard
400 Presidential Blvd, Apt 901
Philadelphia, PA 19131

RE: Line of Credit Request

Dear Mr. Heard,

Strategic Lending Solutions LLC of Carpentersville, IL would like to formally request a draw of $550,000.00 (Five Hundred Fifty Thousand Dollars) from the line of Credit that Arpeggio Investments LP has established on our behalf. We have provided a full set of up to date financials, corporate documents, and the appropriate UCC-1 filling information. Should you have any further information that is necessary to successfully process this request please don't hesitate to call.

Sincerely,

Brian Knight
Executive Loan Officer

EXHIBIT

## JLH and Associates

PO Box 497
Wynnewood, PA 19096
Phone: 215-477-1075
Cell: 215-778-9642
josephlheard@aol.com


July 10, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

Dear Brian,

Regarding your request for the draw on the $550,000.00, we have available a secure bridge line of credit.

It seems that you have all the qualifications for a conventional secure line of credit. However, in order to draw from the bridge line of credit it must be secured by senior funding, which our office must close out, in addition to any security you have to offer. I am, therefore proposing that we set up $550,000 of bridge funding in a non-depletion escrow account secured by senior funding.

This account may be set up in your company's name and can serve as proof of funds for transactions you are involved in. These funds can be released with proof of senior funding and our office must close out the senior funding transaction. Again, the transaction must be handled and closed out by our office.


Yours truly,
*Joseph L. Heard, Sr.*

*JLH and Associates*

*PO Box 497*
*Wynnewood, PA 19096*
*Phone: 215-477-1075*
*Cell: 215-778-9642*
*josephlheard@aol.com*

July 20, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email:  bknight@strategiclendingsolutions.net

Dear Brian,

Regarding our discussion for a $900,000.00 bridge line of credit, we have available a
secure bridge line of credit.  In order to draw from this line of credit, it must be secured
by additional assets that we are bringing in, under the management of your company that
will serve to hedge the line of credit.

We have been working on this process for about three weeks.  It is nearly complete.
Furthermore we are completing an agreement that will contain the terms of the line of
credit.  However, if your wish is that we discontinue this process, please let me know in
writing.  On the other hand, if you want us to continue, we will provide terms and a
completion date in said agreement.

Yours truly,

*Joseph L. Heard, Sr.*

Joseph L. Heard, Sr.

Kristina Ash

| | |
|---|---|
| From: | Josephheard@aol.com |
| Sent: | Friday, July 20, 2007 5:34 PM |
| To: | bknight@strategiclendingsolutions.net |
| Subject: | Regarding our discussion of the line credit. |
| Attachments: | JHL Letter to Brian 20070720.pcf |

Dear Brian,

Regarding our discussion of the line credit.
Yours truly,
Joseph L. Heard.

_____

Get a sneak peek of the all-new AOL.com.

Kristina Ash

| | |
|---|---|
| From: | josephheard@aol.com |
| Sent: | Thursday, August 09, 2007 8:54 AM |
| To: | bknight@strategiclendingsolutions.net |
| Subject: | To manage with a line of credit of $1,000,000.00. |

Attachments: MIDWES~1.PDF

Dear Brian,

I am sending a Pro Forma Balance Sheet attached to this email. It represents the assets and liabilities which you or your company will manage with a line of credit of $1,000,000.00.

The timeline for getting this done depends upon how quickly we can get the assets transferred over to your management. Once we have an agreement in place, we can come up with an affirmative date.

Thank you,
Joe

---

Get a sneak peek of the all-new AOL.com.

T/A Midwest Strategic Funding Trust Inc
Balance Sheet Pro Forma-- Cash Basis
as of August 9, 2007

*Assets*

| | | |
|---|---:|---:|
| Cash | | $   168,000 |
| Real Estate Holdings | $ 18,320,000 | |
| Less:  Mortgages Payable on Real Estate Holdings | (11,798,860) | 6,521,140 |
| | | |
| **Total Assets** | | **$ 6,689,140** |

*Liabilities and Stockholders' Equity*

| | |
|---|---:|
| **Liabilities** | |
| Consulting Fees Payable | $   335,000 |
| | |
| Total Liabilities | 335,000 |
| | |
| Stockholders Equity | |
| Common Stock | 168,000 |
| Retained Earnings | 6,186,140 |
| | |
| Stockholders Equity | 6,354,140 |
| | |
| **Total Liabilities and Stockholders' Equity** | **$ 6,689,140** |

**JLH and Associates**
*PO Box 497*
*Wynnewood, PA 19096*
*Phone: 215-477-1075*
*Cell: 215-778-9642*
*josephlheard@aol.com*

August 16, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

Dear Brian,

This letter is a follow-up of our letter of July 20, 2007 regarding a $900,000.00 bridge line of credit.

I am now able to inform you of our target completion date. It is August 27, 2007. This will allow time for completing the necessary paperwork and getting the documents signed.

As there is much documentation that must be completed, I do not anticipate being able to respond to telephone calls each day while completing the process. Please be patient with me. I will attempt to return your calls within 24 hours.

Yours truly,

*Joseph L. Heard Sr.*

Joseph L. Heard, Sr.

*JLH and Associates*
*PO Box 497*
*Wynnewood, PA 19096*
*Phone: 215-477-1075*
*Cell: 215-778-9642*
*josephlheard@aol.com*

September 5, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

Dear Brian,

I am taking care of this letter myself, rather than to consult with my attorney or have it prepared by an independent CPA, in order to save us time, especially in view of your critical time situation. This also enables me to concentrate on completing the funding process rather than attempting to explain to other professionals my area of expertise. Not to mention, my attorney is out of town for at least a week. I don't want it to take even one day longer than necessary.

Regarding funding: We have made significant progress since we met with you. We expect to have funds available for you within ten days. We have not purposely delayed the process. In fact delays are part of the process. Because of the complicated strategies involved and the lot of necessary paperwork, it often takes longer than projected.

Please refer to the Balance Sheet Pro Forma we sent to you for proof of capability.

Yours truly,
*Joseph L. Heard, Sr.*

Joseph L. Heard
PO Box 497
Wynnewood, PA 19096
215-477-1075
josephlheard@aol.com

June 6, 2007

Strategic Lending Solutions LLC
Brian Knight
231 W. Main Street, Suite 210
Carpentersville, IL 60110
Phone: 847-836-6901; Fax: 847-836-6916;
Email: bknight@strategiclendingsolutions.net

<u>**Re: Bridge Loan Commitment -- $350,000.00**</u>

Dear Brian,

I am sending you a refund of the $7,000.00 that you wired to me, which amount was to cover the expenses incurred in the Arpeggio deal. Though the expenses exceeded this amount, we are refunding it to you because we see no benefit in acting otherwise.

I am taking this action because of our telephone conversation this afternoon in which you explained that it is imperative to meet a deadline by 3:00 p.m. today, June 6, 2007, namely to have $350,000.00 wired into your account by that time.

I have explained to you that this would be impossible as the $350,000.00 was to serve as bridge funds and we have not been able to establish senior funding **OUT** of the deal. Enclosed is a copy of the Arpeggio Investments LP letter sent to you, dated May 16, 2007, in which this requirement was explained in detail.

If you have any questions concerning the above, I may be contacted at the numbers shown hereon.

The funds will be wired to the following account:

|                    |                             |
|--------------------|-----------------------------|
| Company Name:      | Strategic Lending Solutions |
| Routing Number:    | 071025661                   |
| Account Number:    | 4800619998                  |
| Bank Information:  | Harris Bank & Trust         |
|                    | 6900 Huntley Rd.            |
|                    | Carpentersville, IL 60110   |

Yours truly,

Joseph L. Heard