UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DICISION

KC **FILED**
MAR 1 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 1 3 2008

STRATEGIC LENDING SOLUTIONS, LLC :

        Plaintiff, :

vs. :

JOSEPH L. HEARD, SR., d/b/a JLH & :
ASSOCIATES
        Defendant. :
                :

Case No. 07C6136

Honorable Judge Holderman

Magistrate Judge Keys

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
### and
## DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN REM JURISDICTION
### and
## DEFENDANT'S MOTION FOR A CHANGE OF VENUE

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE JUDGE HOLDERMAN:

      Defendant Joseph L. heard, Sr., d/b/a JLH & Associates, hereby makes this Motion To Dismiss For Lack Of Personal Jurisdiction. In support of this motion it is respectfully represented that:

    1.    On or about October 30, 2007 Plaintiff Strategic Lending Solutions, LLC filed the above-captioned matter against the Defendant.

    2.    Plaintiff's Complaint alleged two (2) counts of Breach of Contract (Counts II and III) and one (1) count of Fraud (Count V) against the Defendant; and Plaintiff seeks damages in excess of $500,000.00, with all counts stemming from the alleged failure of Defendant to provide funds in the amounts of $350,000.00, initially; then 550,000.00; and finally, $900,000.00.

    3.    On or about May 16, 2007 Brian Knight, representing Plaintiff, initiated a series of e-mails from Chicago, Illinois **to** Philadelphia, Pennsylvania, the residence and office location of Defendant. (See Exhibit "A").

    4.    A few days after that May 16th date, Brian Knight transferred $7,000.00 by wire, for "expenses" **into** the account of the spouse of Defendant, an account situated **in** Philadelphia, Pennsylvania. (See Exhibit "B").

    5.    Defendant had no contacts with the State of Illinois, except for three (3) brief e-mails he

sent from Philadelphia, Pennsylvania to Brian Knight in Chicago, Illinois. (See Exhibit "C").

6.  No documents were signed by either party in Chicago, Illinois, or anywhere else.

7.  Defendant had insufficient contact with the State of Illinois, i.e., insufficient to bring him within the jurisdiction of this court.

8.  Even if Plaintiff had made out a viable cause of action against Defendant, which it has not, jurisdiction would be properly set in the Commonwealth of Pennsylvania.

WHEREFORE, Defendant prays that this Honorable Court grant the motion; and dismiss Plaintiff's action against Defendant because of a lack of personal jurisdiction .

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN REM JURISDICTION

9.  Defendant's allegations in paragraphs 1 – 8 are hereby realleged as if fully set out herein.

10.  The funds which might have been provided to Plaintiff by another party or other parties, if Plaintiff had qualified for same, would have come from institutions and/or parties located in Phoenix, Arizona; Boca Raton, Florida; and/or Atlanta, Georgia. (See Exhibit "D").

11.  The real property which might have been provided to Plaintiff, if it had been able to demonstrate an ability to qualify for the purchase of same, is situated in Philadelphia, Pennsylvania. (See Exhibit "E").

12.  None of the things (money and real property), which might have constituted the subject matter of this lawsuit, were located in the State of Illinois.

13.  Even if Plaintiff had made out a viable cause of action against Defendant, which it has not, there could be no in rem jurisdiction in the State of Illinois.

14.  The most appropriate jurisdictional site would be the Commonwealth of Pennsylvania.

WHEREFORE, Defendant prays that this Honorable Court grant the motion; and dismiss the action because of a lack of in rem jurisdiction.

### DEFENDANT'S MOTION FOR A CHANGE OF VENUE

15.  Defendant's allegations in paragraphs 1 – 14 are hereby realleged as if fully set out herein.

16.  The State of Illinois is the improper venue for this action, even if it were viable.

17.  This action is founded only on diversity of citizenship; and, therefore, under the Federal

2

Rules of Civil Procedure, may only be brought in Philadelphia, Pennsylvania.

18. Philadelphia, Pennsylvania is the appropriate venue because the Defendant's home is situated there; because a substantial part of the events or omissions giving rise to the claim occurred there, or a substantial part of the property that is the subject of the action is situated there; or because the Defendant may be found in Philadelphia, Pennsylvania.

19. Even if Plaintiff had a viable claim, the matter should be brought in Philadelphia, Pennsylvania.

WHEREFORE, Defendant prays that this Honorable Court grant the motion; and Order a change of venue to Philadelphia, Pennsylvania, if the case remains otherwise viable.

JOSEPH L. HEARD, SR.

Date: 3/13/2008

EXHIBIT A

Date:       May 16, 2007

To:         Brian Knight

From:       Joe Heard

Subject:    Expenses in Connection with Bridge Funding

---

Dear Brian,

Per our conversation this afternoon, I am sending you this memo regarding the expenses to be incurred in connection with securing bridge funding related to your promissory note.

We agreed to $7,000.00. This will cover roundtrip airfare for professionals, lodging, some meals, ground transportation, professional fees, supplies, cost of documentation, time and other related expenses.

My banking information for the wire follows:

> PNC Bank
> ABA #031000053
> Account #8606637774
> Further Credit to Judy L. Heard

I am glad to be able to work with you.

Thank you,

*Joseph L. Heard, Sr.*

Joseph L. Heard, Sr.

**EXHIBIT B**

| | |
|---|---|
| **Subj:** | **FW: Language** |
| **Date:** | 5/16/2007 6:08:05 PM Eastern Daylight Time |
| **From:** | bknight@strategiclendingsolutions.net |
| **To:** | josephlheard@aol.com |

Brian Knight
Executive Loan Officer
Strategic Lending Solutions
(847)836-6901

**From:** Brian Knight [mailto:bknight@strategiclendingsolutions.net]
**Sent:** Wednesday, May 16, 2007 5:02 PM
**To:** 'mwaldenloans@comcast.net'
**Subject:** Language

Mike,

I would like insert the following:

1. That the payback will not occur until 30 days after disbursement occurs.
2. That it is okay to offer an extension with additional interest to the current borrower.
3. That if loan is not paid back on 30 days there will be interest added of (whatever % you feel is applicable) for the following 30 days. Feel free to put a late penalty in their we won't be late anyway. I am very punctual.

Brian Knight
Executive Loan Officer
Strategic Lending Solutions
(847)836-6901

Subj:    **Re: Expenses in Connection with Bridge Funding**
Date:    5/16/2007 10:56:25 PM Eastern Daylight Time
From:    Bknight@strategiclendingsolutions.net
To:      Josephlheard@aol.com

Great, two questions Joe,

1. Is the primary name on the account the one in the credit to line
probably I think your wife, or is it you.  So I know how to send this.

2. Are you booked to go yet?  and if so would you mind letting me know
your iteniary as far as time, just so if something comes up or I need to
speak with you I know when you will or will not be available.

I will do the wire at approximenlty 10a.m. centeral time tommarow.


>
>
>
>
> *************************************** See what's free at
> http://www.aol.com.
>


Brian Knight
Executive Loan Broker
Strategic Lending Solutions
(866)740-6901

Subj:    **Re: FW: Language**
Date:    5/16/2007 10:36:33 PM Eastern Daylight Time
From:    Bknight@strategiclendingsolutions.net
To:      Josephlheard@aol.com

One more thing, is the way we are doing this so that the line is available
for use again like you and I talked about after say it is paid off if we
have another note we want to liquidate.  That I think makes this thing a
lot more sensible all around if that is the case.  If so for how long does
it remain open and what is the limit and interest?

Brian


> I will reply soon. Thanks.
>
>
>
>
> Contact Information:
>
>
> Joseph L. Heard, Sr.
> 4000 Presidential Blvd.,  Suite. 901
> Philadelphia, PA 19131
> Home Office
> 215 477 1075
> Cell Phone
> 215-778-9642
>
>
> _Website_ (http://www.familyreunionguide.com/)  |_Email_
> (mailto:josephlheard@aol..com)
>
>
>
>
>
>
> ************************************** See what's free at
> http://www.aol.com.
>


Brian Knight
Executive Loan Broker
Strategic Lending Solutions
(866)740-6901

EXHIBIT C

EXHIBIT D



Subj:     **Fwd: SPA**
Date:     8/29/2007 4:50:28 PM Eastern Daylight Time
From:     Pelco5
To:       Josephlheard

Joe..here is our draft Stock Purchase Agreement.

We will also execute a JVA for all trading activity (50/50).

I will have both back to you in am.

Regards,

Paul Lambalot
VP Global Business Development
Global 1 Equity, Inc USA
www.global1equity.com
561-379-7999


Get a sneak peek of the all-new AOL.com.

----------------
Forwarded Message:
Subj:     **RE: SPA**
Date:     8/29/2007 3:29:31 PM Eastern Daylight Time
From:     jay@global1equity.com
To:       Pelco5@aol.com
*Sent from the Internet (Details)*


-----Original Message-----
**From:** Pelco5@aol.com [mailto:Pelco5@aol.com]
**Sent:** Wednesday, August 29, 2007 8:25 PM
**To:** jay@global1equity.com
**Subject:** Re: SPA

I need it in word bro


Get a sneak peek of the all-new AOL.com.

Joe

**Carefree Resort & Villas**. 480-488-5300    http://www.carefree-resort.com best  I think as good as the Boulder 180.00 to 250.00

**The Boulders Resort & Golden Door Spa** 866-397-6520  has been named "America's Top Resort" for 14 consecutive years. 200.00 to 400.00

You are 8 miles from my house I'll save in gas running around & time if you stay Weds is card night we'll like it open to everybody, a very good home town good time

Bill Young
Phoenix, AX


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


See what's free at AOL.com.

Joint Venture Agreement--Need, Inc. and T/A Gold Cash LLC

10.03 **Integrated Agreement.** This Agreement constitutes the entire understanding of the Agreement among the parties hereto with respect to the subject matter hereof, including the agreements, understandings, restrictions or warrantees among the parties hereto.

10.04 **Headings.** The headings, titles, and subtitles used in this Agreement are provided as reference only and shall not control or affect neither the meaning nor construction of any paragraph.

10.05 **Notices.** Except as may be otherwise specifically provided in this Agreement, notices required or permitted hereunder shall be in writing and shall be deemed to be delivered when deposited in the United States mail, postage prepaid, certified or registered return receipt requested, addressed to the parties at their respective addresses set forth in the Agreement or at such other addresses as may be subsequently specified by written notice.

10.06 **Applicable Law and Venue.** This Agreement shall be construed and enforced under the laws of the State of Georgia.

10.07 **Other Instruments.** The parties hereto covenant and agree that they will execute other instruments and documents as are or may become reasonable and necessary or convenient to effectuate and carry out the purposes of this Agreement.


**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the day and year first above written. Signed, sealed and delivered in the presence of:

**For NEED, Inc.**


By _____     Witness: _____
    Willie Johnson        Date


By _____     Witness: _____
    Joseph L. Heard     Date

4

EXHIBIT E

# Settlement Sheet
## Agreement: March 28, 2007

| # | Address | Higest (1) | (2) | Lowest (3) | # of Comp 140 | Sub Total Cash From Borrower 120/303 | City/Town Taxes 406 | Settlement Fee 1101 | Notary Fees 1106 | Recording Fees 1201 |
|---|---------|-----------|-----|-----------|---------------|--------------------------------------|---------------------|---------------------|------------------|---------------------|
| 1 | 1159 South 7th, Phila, 19147 | | 297,000 | 295,000 | 2 | 409,446.03 | 879.03 | 100.00 | 20.00 | - |
| 2 | 2606 South 11th, Phila | | 190,000 | 130,000 | 2 | 261,007.81 | 840.81 | 100.00 | 20.00 | - |
| 3 | 1115 Brighton Street, Phila. | | 213,900 | 210,000 | 2 | 266,613.57 | 1,146.57 | 100.00 | 20.00 | - |
| 4 | 1931 Brown Street | | 138,500 | | 2 | 493,075.35 | 1,108.35 | 100.00 | 20.00 | - |
| 5 | 4923 North Camac Street | | 68,000 | 40,000 | 1 | 176,009.07 | 642.07 | 100.00 | 20.00 | - |
| 6 | 2125 Carpenter Street | | 220,000 | 190,000 | 2 | 425,449.19 | 382.19 | 100.00 | 20.00 | - |
| 7 | 1418 South Chadwick Street | | 43,000 | 23,400 | 3 | 117,611.60 | 244.60 | 100.00 | 20.00 | 162.00 |
| 8 | 1621 Drye Street | 58.000 | 107,500 | 95,000 | 2 | 165,389.97 | 622.97 | 100.00 | 20.00 | - |
| 9 | 10048 Ferndale Street | | 195,000 | 188,000 | 2 | 219,973.57 | 1,146.57 | 100.00 | 20.00 | - |
| 10 | 334 Fitzgerald Street | | 145,000 | 80,000 | 2 | 154,740.28 | 573.28 | 100.00 | 20.00 | - |
| 11 | 422 Hoffman Street | | 82,000 | 81,000 | 2 | 138,561.28 | 294.28 | 100.00 | 20.00 | - |
| 12 | 1414 Hunting Park Ave | | | | | 290,613.57 | 1,146.57 | 100.00 | 20.00 | - |
| 13 | 4624 Hurley Street, Phila | 74.000 | 54,000 | 30,000 | 3 | 69,482.95 | 515.95 | 100.00 | 20.00 | - |
| 14 | 5906 North Leithgow Street, Phila | | 86,000 | 75,000 | 2 | 123,651.79 | 1,184.79 | 100.00 | 20.00 | - |
| 15 | 5943 North Leithgow Street, Phila | | 86,000 | 75,000 | 2 | 117,155.57 | 588.57 | 100.00 | 20.00 | - |
| 16 | 360 Main Street, Bristol | | | | 2 | 155,868.01 | 401.01 | 100.00 | 20.00 | 162.00 |
| 17 | 371 East Mehan Street, Phila | | 197,000 | 185,000 | 2 | 218,425.83 | 1,080.83 | 100.00 | 20.00 | - |
| 18 | 1920 Montrose Street, Phila | | 285,000 | 185,000 | 2 | 348,309.07 | 642.07 | 100.00 | 20.00 | - |
| 19 | 1362 Narragansett Street, Phila. | 65.000 | 43,000 | 32,500 | 3 | 64,612.90 | 645.90 | 100.00 | 20.00 | - |
| 20 | 2352 East Susquehanna Ave., Phila | | 249,000 | 223,000 | 2 | 241,607.81 | 840.81 | 100.00 | 20.00 | - |
| 21 | 6144 Torresdale Ave., Phila. | investor pur | 107,000 | | 1 | 150,301.43 | 634.43 | 100.00 | 20.00 | - |
| 22 | 2219 Watkins Ave., Phila | | 70,000 | 37,000 | 2 | 67,650.94 | 183.94 | 100.00 | 20.00 | - |
| 23 | 6982 Weatham Street, Phila. | | 122,000 | | 1 | 301,804.67 | 1,337.67 | 100.00 | 20.00 | - |
| 24 | 1131 Annin Street, Phila. | incorrect address | 284,000 | 228,000 | 1 | 379,703.23 | 836.23 | - | - | - |
| 25 | 5459 Pine Street, Phila | | 85,000 | 80,000 | 2 | 12,855.00 | | 100.00 | 20.00 | - |
| 26 | 1615 S 22nd Street, Phila | | | | 2 | 50,559.03 | 192.03 | 100.00 | 20.00 | - |
| 27 | 1029 Surrey Road, Phila | | 205,000 | 171,300 | | 248,900.21 | 1,433.21 | 100.00 | 20.00 | 162.00 |
| 28 | 1357 Kerper Street, Phila | | 127,000 | 119,200 | 2 | 160,411.01 | 944.01 | 100.00 | 20.00 | - |
| 29 | 150 E. Washington Lane, Phila | incorrect address not listed | | | 2 | 229,891.80 | 1,424.80 | 100.00 | 20.00 | - |
| 30 | 5329 Morris Street, Phila | | 99,500 | 69,900 | 2 | 98,524.32 | 57.32 | 100.00 | 20.00 | - |
| 31 | 5100 Newhall Street, Phila | | 210,000 | 150,000 | 2 | 183,163.35 | 696.35 | 100.00 | 20.00 | - |
| 32 | 4726 Conshohocken Ave., Phila | | | | 2 | 124,108.35 | 1,108.35 | 100.00 | - | 162.00 |
| | TOTALS | | | | | 6,465,478.56 | 23,775.56 | 3,100.00 | 600.00 | 648.00 |

(a) - Sales Price is used as the comp.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DICISION

STRATEGIC LENDING SOLUTIONS, LLC    :
    :    Case No.  07C6136
            Plaintiff,    :
    :    Honorable Judge Holderman
vs.    :
    :    Magistrate Judge Keys
JOSEPH L. HEARD, SR., d/b/a JLH &    :
ASSOCIATES    :
            Defendant.    :
_____   :

## MEMORANDUM OF LAW IN SUPPORT OF

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
## and
## DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN REM JURISDICTION
## and
## DEFENDANT'S MOTION FOR A CHANGE OF VENUE

**Facts**

On or about October 30, 2007 Plaintiff Strategic Lending Solutions, LLC filed a lawsuit against the Defendants, Joseph L. Heard, Sr., d/b/a JLH & Associates, and Arpeggio Investments, LP and Arpeggio Management, LLC.  Plaintiff alleged four (4) counts of Breach of Contract and one (1) count of Fraud against the Defendants, seeking damages of $507,000.00 for financial losses.  The alleged damages stem from Plaintiff's alleged reliance on Defendants' promise to raise capital or obtain funding on a Promissory Note (the "Note"), which Note appeared to have been drafted fraudulently and fraudulently held out as secured.  Additionally, even if the Note had not been fraudulently drafted and fraudulently held out as secured, said Note went into default status on May 25, 2007, nine (9) days after Michael Walden, a Philadelphia-based representative of Plaintiff, approached Defendants about obtaining "funding" and/or "lines of credit".  As a favor to Plaintiff, and after Plaintiff agreed to pay Defendant Joseph L. Heard, Sr. $7,000.00 for "expenses", the Defendant and his associates, Arpeggio Investments, LP and Arpeggio Management, LLC, made three (3) different attempts to obtain funds or lines of credit for Plaintiff, i.e., a deal involving $350,000.00 in funding, and two (2) others involving lines of credit of $550,000.00 and $900,000.00.  The parties and/or institutions which would have been involved in the proposed deals were situated in Phoenix, Arizona; Boca Raton, Florida; Atlanta, Georgia; and Philadelphia, Pennsylvania.

All of the proposed deals discussed with Plaintiff were based on its ability to provide adequate security or proof of the capability to repay the funds. In July, 2007, sensing that no deal could be arranged, Defendant Joseph L. Heard, Sr. offered to return the $7,000.00 for expenses paid by Plaintiff, even though Defendant's actual expenses exceeded that amount.

The parties never entered into any written or verbal agreement for services. Furthermore, even if there had been a verbal contract for the services rendered by Defendant, it would have been violative of the statutes of fraud of both the State of Illinois and the Commonwealth of Pennsylvania which require that such contracts be in writing.

By September, 2007 it became clear that Plaintiff was unable to provide adequate security for any funding or line of credit; and Defendants ceased its efforts to obtain same. The lawsuit followed; and on January 30, 2008 Plaintiff caused a Notice of Voluntary Dismissal as to Defendants Arpeggio Investments, LP and Arpeggio Management, LLC to be filed in this matter.

**Issues**

1.    Whether Defendant Joseph L. Heard, d/b/a JLH & Associates had the minimum contacts with the State of Illinois necessary to subject him to the jurisdiction of that State.

2.    Whether there is in rem jurisdiction relative to the subject matter of the case.

3.    Whether the City of Chicago is the proper venue for this case.

**Argument**

1.    **Defendant Joseph L. Heard, d/b/a JLH & Associates, Did Not Have The Minimum Contacts With The State Of Illinois Necessary To Subject Him To The Jurisdiction Of That State**

Defendant Joseph L. Heard, Sr. has never transacted business with Plaintiff in the State of Illinois. Some time in May, 2007 Philadelphia, Pennsylvania-based Michael Walden contacted the Defendant relative to raising capital for Plaintiff, i.e., obtaining funds or a line of credit. On or about May 16, 2007 Brian Knight, Plaintiff's manager and representative, started sending numerous e-mails from Chicago to the Defendant in Philadelphia, Pennsylvania where Defendant resided and maintained his office.

A few days after that May 16th date, Brian Knight transferred $7,000.00 by wire, for expenses, into the account of the spouse of the Defendant, an account situated in a financial institution located in Philadelphia, Pennsylvania. Prior to May 16th, Defendant had had no prior contact with Plaintiff. His

2

subsequent contact with Plaintiff consisted only of three (3) or four (4) brief e-mails sent in response to some of those of Brian Knight. No documents were signed by either party in Illinois, or anywhere else.

The jurisdiction issue was addressed in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The court ruled that "minimum contacts" means having sufficient dealings or affiliations with the forum jurisdiction which make it reasonable to require the defendant to defend a lawsuit brought in the forum state. With that in mind, the court enunciated Four Principles. They included: (1) jurisdiction is permissible when the defendant's activity in the forum is continuous and systematic, and the cause of action is related to that activity; (2) sporadic or casual activity of the defendant in the forum does not justify assertion of jurisdiction on a cause of action unrelated to that forum activity; (3) a court may assert jurisdiction over a defendant whose continuous activities in the forum are unrelated to the cause of action sued upon when the defendant's contacts are sufficiently substantial and of such a nature as to make the state's assertion of jurisdiction reasonable ("general jurisdiction"); and (4) even a defendant whose activity in the forum is sporadic, or consists only of a single act, may be subject to the jurisdiction of the forum's courts when the cause of action arises out of that activity or act ("specific jurisdiction").

Defendant Joseph L. Heard, Sr. did not engage in any activity within the forum, related or unrelated, which could even be remotely construed as continuous or systematic. Nor has the Defendant performed an act within the forum which act was the basis for the cause of action. The minimum contacts the defendant must have with the forum state must be in the form of a purposeful affiliation on the part of the defendant. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958). Furthermore, the court has made a distinction between "general" and "specific" jurisdiction. In order to assert general jurisdiction there must be substantial forum related activity on the part of the defendant. Helicopteros Nationales De Colombia, S.A. v. Hall, 466 U.S. 408 (1984).

**2.    There Is No In Rem Jurisdiction Relative To The Subject Matter Of This Case.**

As the subject matters of this case are money and real estate; and as neither was situated in Illinois at the time of the filing of this lawsuit, there can be no in rem jurisdiction. The prospective providers of funds and their institutions were situated in Phoeniz, Arizona; Boca Rotan, Florida; and Atlanta, Georgia. The real property which might have been involved had Plaintiff qualified for funding is situated in

Philadelphia, Pennsylvania.

It is easily discerned that Plaintiff can make no cogent or reasonable claim as to in rem jurisdiction in this case.

### 3.    The City Of Chicago Is An Improper Venue For This Case.

28 U.S. Code, Section 1391 provides, in pertinent part, that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action was commenced, if there is no district in which the action may otherwise be brought.

Clearly, the Plaintiff has filed an action where jurisdiction is based only on diversity of citizenship (F.R.C.P. 1332). The Defendant resides in Philadelphia, Pennsylvania. Additionally, the judicial district in which a substantial part of the events or omissions occurred, arguably, is Philadelphia; and a substantial part of the property that is the subject of the action is situated in Philadelphia. Finally, if there is no other district in which the action may otherwise be brought, venue should be in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, i.e., Philadelphia.

### Conclusion

After having reviewed the fact, the caselaw and the pertinent statutes, it can be concluded that the State of Illinois is not the appropriate jurisdiction for this matter because there is neither personal jurisdiction over the Defendant, nor in rem jurisdiction over any of the subject matter of the case; and that Philadelphia, Pennsylvania is the proper venue for the case.

Defendant, therefore, respectfully prays that this Honorable Court dismiss the matter, or transfer same from Illinois to Pennsylvania; and either dismiss Plaintiff's case or transfer same to Philadelphia, Pennsylvania.

JOSEPH L. HEARD

Date: 3/13/08

4

## APPEARANCE FORM FOR PRO SE LITIGANTS
## DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney).

NAME: _Joseph L. Heard Sr_
(Please print)

STREET ADDRESS: _4000 Presidential Blvd. #901_

CITY/STATE/ZIP: _Philadelphia, PA 19131_

PHONE NUMBER: _215-477-1075_

CASE NUMBER: _07C 6136_

_Joseph L Heard_
Signature

_03/13/08_
Date

## CERTIFICATE OF SERVICE

The undersigned, on oath certifies that on March 13, 2008 he caused to be served via personal service the attached Defendant's Motions To Dismiss For Lack Of Personal Jurisdiction, Defendant's Motion To Dismiss For Lack Of In Rem Jurisdiction, Defendant's Motion For A Change Of Venue, and Memorandum of Law in Support Of such motions upon counsel for the Plaintiff Strategic Lending Solutions, LLC.

[X]    Under penalties as provided by law pursuant to 28 U.S.C. 1746, the undersigned certifies that the Statements set forth herein are true and correct or on information and belief, certified that he verily believes same to be true.

March 13, 2008

JOSEPH L. HEARD, SR.