UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRATEGIC LENDING SOLUTIONS, LLC ) ) Plaintiffs, ) ) vs. ) ) ) JOSEPH L. HEARD, SR., d/b/a JLH & ) ASSOCIATES, and ARPEGGIO ) INVESTMENTS, LP and ARPEGGIO ) MANAGEMENT, LLC ) ) Defendants. ) | Case No. 07 C 6136 Hon. Judge Holderman Mag. Judge Keys |

### ANSWER TO DEFENDANT JOSEPH L. HEARD'S AFFIRMATIVE DEFENSES

Plaintiff, Strategic Lending Solutions, LLC, by and through its attorneys,

The Patterson Law Firm, PC, for its Answer to Defendant Joseph L.

Heard's Affirmative Defenses, states as follows:

### Lack of Subject Matter Jurisdiction

1.      Contrary to the assertion of Plaintiff, this case provides no subject matter jurisdiction for this Court in that there is no federal question, which question is required by 28 U.S. Code, Section 1331.

**ANSWER:   Plaintiff admits that subject matter jurisdiction pursuant to 28 USC § 1331 requires that there is a federal question.  Plaintiff admits that there is no federal question in this case.  Plaintiff denies that it asserted jurisdiction pursuant to 28 USC § 1331. (See Verified Compl. ¶ 5 ("Subject matter jurisdiction is appropriate pursuant to 28 USC § 1332 because there is complete diversity of**

1

citizenship between the parties and the amount in controversy is greater than seventy-five thousand dollars")).

## Lack of Personal Jurisdiction

2. Defendant Joseph L. Heard's allegation in paragraph 1 is hereby realleged as if fully set out herein.

**ANSWER: Plaintiff repeats and realleges its answer to paragraph 1 as and for its answer to paragraph 2, as though fully set forth herein.**

3. Although 28 U.S. Code, section 1332 provides for jurisdiction where there is diversity of citizenship, Defendant Joseph L. Heard had insufficient contact with the State of Illinois to afford such jurisdiction to this court.

**ANSWER: Plaintiff admits that 28 USC § 1332 allows jurisdiction where there is a diversity of citizenship. Plaintiff denies that Defendant Joseph L. Heard had insufficient contact with the State of Illinois. Heard had minimum contacts with Illinois because (1) the parties contemplated closing the transaction in Illinois; (2) Heard required that Plaintiff secure the note with its assets, which assets were located in the state of Illinois; (3) the parties contemplated a Line of Credit which would create continuing obligations, *see Ast Sports Sci., Inc. v. CLF Distrib. Ltd.,* Case No. 06-1157, 2008 U.S. App. LEXIS 1869 (10th Cir. January 28, 2008); and (4) this was a commercial transaction and Heard's actions were directed at Illinois. *See Burger King v. Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985) ("So long as a commercial**

**actor's efforts are purposefully directed toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.") Plaintiff denies each and every remaining allegation in Paragraph 3.**

4.   All of the real estate which might have been part of the deal, had Plaintiff met its obligations, is situated in Philadelphia, Pennsylvania.

**ANSWER:   Admit.**

5.   As there is no contract, no contract documents were signed in Illinois.

**ANSWER:   Denied.**

6.   A Philadelphia, Pennsylvania-based representative of Plaintiff contacted Defendant Joseph L. Heard to seek his help in obtaining funding for Plaintiff.

**ANSWER:   Denied.**

7.   Defendant Joseph L. Heard's efforts on behalf of Plaintiff included trips to Phoenix, Arizona; Boca Raton, Florida; and Atlanta, Georgia.

**ANSWER:   Plaintiff lacks sufficient knowledge or information upon which to form a belief as to where Heard traveled. If the allegations in Paragraph 6 are true, requiring a frequent traveler such as Heard to travel to Illinois certainly would not offend traditional notions of fair play and substantial justice.**

**Improper Venue**

8.   Defendant Joseph L. Heard's allegation in paragraphs 1-7 is hereby realleged as if fully set out herein.

**ANSWER: Plaintiff repeats and realleges its answer to paragraphs 1 through 7 as and for its answer to paragraph 8, as though fully set forth herein.**

9.     For the same reasons set out on paragraphs 2 through 7 above, Chicago is an improper venue for this matter, even if there was a basis in law to proceed.

**ANSWER: Denied.**

10.    Given the location of Defendant's office and home; and given the facts in the matter, if there is a basis in law to proceed, the venue should be in Philadelphia, Pennsylvania.

**ANSWER: Plaintiff admits that Defendant's home and office are located in Pennsylvania. Plaintiff denies that the venue should be in Philadelphia. As Plaintiff stated in its Complaint, "Venue is appropriate pursuant to 28 USC § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in Chicago, Illinois." (Verified Compl. ¶ 7.)**

### Lack of a Contract/No Consideration[1]

11.    Defendant Joseph L. Heard's allegations in paragraphs 1-10 are hereby realleged as if fully set out herein.

**ANSWER: Plaintiff repeats and realleges its answer to paragraphs 1 through 10 as and for its answer to paragraph 11, as though fully set forth herein.**

12.    Defendant Joseph L. Heard never entered into a contract with Plaintiff.

---

[1] Plaintiff notes that an affirmative defense assumes that all allegations in the complaint are true. See Blacks Law Dictionary, 2d Pocket Ed. at 186. Plaintiff alleged that (a) a contract existed and (b) consideration was given, thus this matter is not properly labeled an affirmative defense.

4

**ANSWER:   Denied.**

13.   Both parties consistently describe the funds provided to Defendant as money for "expenses", expense money which Defendant offered to return to Plaintiff.  Plaintiff never paid Defendant any fee for services, nor was any fee discussed or otherwise bargained for.

**ANSWER:   Plaintiff admits that it wired $7,000 to Defendant for expenses.  Plaintiff denies that Defendant offered to return Plaintiff's money; Defendant is currently in possession of the $7,000. Plaintiff denies each and every remaining allegation in Paragraph 13.**

14.   The letters and e-mails do not comprise a contract.  In fact, it is clear that the parties never agreed in writing, or otherwise, exactly what it was that each party was to do.

**ANSWER:   Denied.**

15.   Contrary to Plaintiff's assertion, there was no secured note.  There is a "Promissory Note" which makes reference to being secured. However, no security agreement is attached to the document and there is no [*sic*] any indication that such an agreement exists.

**ANSWER:   Plaintiff admits that the secured "Promissory Note" is the secured note. Plaintiff admits that no security agreement is attached to the document. Plaintiff denies each and every remaining allegation in Paragraph 15.**

16.   There is no indication that any money was conveyed from the Plaintiff to the alleged Borrower.

**ANSWER:   Denied.**

17.   There is no information provided regarding the terms on which the money was supposedly loaned.

5

**ANSWER: Plaintiff admits that it did not attach the terms of the loan which is the basis of the debt evidenced in the secured note, but denies that such information is necessary or relevant. Plaintiff denies each and every remaining allegation in Paragraph 17.**

18. There is no mention of the collateral required to secure the funding under the Promissory Note.

**ANSWER: Denied.**

19. The Promissory Note is signed only by the alleged Borrower, with no signature verification.

**ANSWER: Admitted.**

## Statute of Frauds

20. Defendant Joseph L. Heard's allegations in paragraphs 1-19 are hereby realleged as if fully set out herein.

**ANSWER: Plaintiff repeats and realleges its answer to paragraphs 1 through 19 as and for its answer to paragraph 20, as though fully set forth herein.**

21. Even if there had been a contract between the parties, it would have been invalid and unenforceable because the Illinois Statute of Frauds requires that contracts of the type at issue be in writing.

**ANSWER: Plaintiff admits that there was a contract. Plaintiff denies each and every remaining allegation in Paragraph 21.**

### Failure to State a Claim Upon Which Relief Can Be Granted[2]

22. Defendant Joseph L. Heard's allegations in paragraphs 1-21 are hereby realleged as if fully set out Herein.

---

[2] Failure to state a claim is not an affirmative defense, and should be stricken. *Weisman v. First Data Merch. Servs. Corp.*, Case No. 06 C 3024, 2006 U.S. Dist. LEXIS 90403, 2-3 (ND. Ill. December 11, 2006)

**ANSWER:   Plaintiff repeats and realleges its answer to paragraphs 1 through 21 as and for its answer to paragraph 22, as though fully set forth herein.**

23.   Plaintiff has failed to state a claim upon which relief can be granted.

**ANSWER:   Denied.**

24.   There is no contract.

**ANSWER:   Denied.**

25.   Even if there was a contract, it would violate the Satute [*sic*] of Frauds which requires that it be in writing.

**ANSWER:   Plaintiff admits that there was a contract.  Plaintiff denies each and every remaining allegation in Paragraph 25.**

26.   There is no secured note which might have provided a basis in law for a claim, had there been a contract between the parties.

**ANSWER:   Plaintiff admits that there was a contract.  Plaintiff denies each and every remaining allegation in Paragraph 26.**

Respectfully Submitted,

March 19, 2008            By:    /s/ Kristi L. Brown
                                       Kristi L. Browne

Thomas E. Patterson (3128587)
Kristi L. Browne (6195553)
Attorneys for Plaintiff
The Patterson Law Firm, P.C.
33 N. LaSalle, Suite 3350
Chicago, Illinois 60602
(312) 223-1699