UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRATEGIC LENDING SOLUTIONS, LLC ) ) ) Plaintiffs, ) ) vs. ) ) JOSEPH L. HEARD, SR., d/b/a JLH & ) ASSOCIATES, and ARPEGGIO ) INVESTMENTS, LP and ARPEGGIO ) MANAGEMENT, LLC ) ) Defendants. ) | Case No. 07 C 6136 Hon. Judge Holderman Mag. Judge Keys |

**PLAINTIFF'S RESPONSE TO DEFENDANT HEARD'S MOTION TO DISMISS**

Plaintiff, Strategic Lending Solutions, LLC, by and through its attorneys, The Patterson Law Firm, PC, for its Response to Defendant's Motion to Dismiss, states as follows:

**I.     This Court has Personal Jurisdiction Over Defendant.**

Plaintiff first argues that this court lacks personal jurisdiction over Defendant Heard.  In fact, Heard had minimum contacts with Illinois because (1) the parties contemplated closing the transaction in Illinois; (2) Heard required that Plaintiff secure the note with its assets, which assets were located in the state of Illinois; (3) the parties contemplated a Line of Credit which would create continuing obligations, *see Ast Sports Sci., Inc. v. CLF Distrib. Ltd.,* Case No. 06-1157, 2008 U.S. App. LEXIS 1869 (10th Cir. January 28, 2008); and (4) this was a commercial transaction and Heard's actions were directed at Illinois. *See Burger King*

1

*v. Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985) ("So long as a commercial actor's efforts are purposefully directed toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there").

## II.     Plaintiff Has Not Alleged In Rem Jurisdiction.

In rem jurisdiction is defined as "[a] court's power to adjudicate the rights to a given piece of property, including the power to seize and hold it." Black's Law Dictionary, 384 (2d Pocket Ed. 2002)  Plaintiff has alleged that Defendant Heard breached a contract with Plaintiff; he has not alleged any claim which would cause this court to exercise its powers over property within Illinois.  Thus, Defendant's Motion to Dismiss based on in rem jurisdiction is inappropriate.

## III.    Venue is Proper in Illinois.

As Plaintiff stated in its Complaint, "Venue is appropriate pursuant to 28 USC § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in Chicago, Illinois." (Verified Compl. ¶ 7.)  Defendant Heard claims that because this action is founded on diversity of citizenship, it may only be brought in Philadelphia.  In fact, subject matter jurisdiction is appropriate pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy is greater than seventy-five thousand dollars.

Respectfully Submitted,

April 28, 2008                        By:___/s/ Kristi L. Brown_____
                                              Kristi L. Browne

>Thomas E. Patterson (3128587)
>Kristi L. Browne (6195553)
>Attorneys for Plaintiff
>The Patterson Law Firm, P.C.
>33 N. LaSalle, Suite 3350
>Chicago, Illinois 60602
>(312) 223-1699