UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| STRATEGIC LENDING SOLUTIONS, LLC<br>Plaintiff | :<br>:<br>: Case No. 07 C 6136 |
| vs. | :<br>: Honorable Judge Holderman |
| JOSEPH L. HEARD, SR., d/b/a JLH &<br>ASSOCIATES<br>Defendant | :<br>: Magisterial Judge Keys<br>:<br>: |

### NOTICE OF FILING

To:    Thomas E. Patterson, Esquire (3128587)
       Kristi L. Browne, Esquire (6195553)
       The Patterson Law Firm, P.C.
       33 N. La Salle, Suite 3350
       Chicago, Illinois 60602
       (312) 223-1699

Please be advised that on May 20, 2008 I filed with the court, by overnight mail, Defendant's Reply To Plaintiff's Response To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, Defendant's Motion To Dismiss For Lack Of In Rem Jurisdiction, and Defendant's Motion For A Change Of Venue.

On that same May 20, 2008 date, I served upon you, by overnight mail, a copy of that document.

I am hereby providing the Notice of Filing.

Respectfully submitted,

JOSEPH L. HEARD, SR.

4000 Presidential Boulevard, Suite 901
Philadelphia, PA 19131

Date: May 19, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DICISION

F I L E D
MAY 2 1 2008
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| STRATEGIC LENDING SOLUTIONS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH L. HEARD, SR., d/b/a JLH & ASSOCIATES<br>Defendant. | Case No. 07C6136<br><br>Honorable Judge Holderman<br><br>Magistrate Judge Keys |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION and DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN REM JURISDICTION and DEFENDANT'S MOTION FOR A CHANGE OF VENUE

TO THE HONORABLE JUDGE HOLDERMAN:

Defendant Joseph L. Heard, Sr., d/b/a JLH & Associates, hereby files this reply to Plaintiff Strategic Lending Solutions, LLC's Response To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, Defendant's Motion To Dismiss For Lack Of In Rem Jurisdiction, and Defendant's Motion For A Change Of Venue. In support of this reply it is respectfully argued as follows:

I.   **Plaintiff: This Court has Personal Jurisdiction Over Defendant.**

   **Defendant: This Court Lacks Personal Jurisdiction Over Defendant.**

Defendant has never had the "minimum contacts" with the State of Illinois required under Burger King Corporation v. Rudzewicz, 471 U.S. 462 (1985). Additionally, this court's exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. Burger King, supra.

Plaintiff's first assertion that "the parties contemplated closing the transaction in Illinois" is not only unsupported by the evidence before this court, but also misinterprets the "minimum contacts" requirements. There is no contract between the parties. (Even if there had been, Plaintiff would have failed to meet its obligations thereunder in regard to providing security.) Nor is there any specification of a location for a closing. Most significantly, "contemplation" (even if it had existed) is not a contact, minimum or otherwise.

Plaintiff's second assertion that "Heard required that Plaintiff secure the note with its assets, which

assets were located in the state of Illinois" fails to take into account the obvious, i.e., that Plaintiff never actually "secured" the proposed note with any assets, even if such assets were located in Illinois. Hence, there was no minimum contact in regard to Plaintiff's alleged assets.

Plaintiff's third assertion that "the parties contemplated a Line of Credit which would create continuing obligations" suffers from the same shortcoming as its other "contemplation" argument, i.e., contemplation (even if it had existed) does not constitute a contact, minimum or otherwise. It is also fatal to Plaintiff's position that no line of credit was ever established. One cannot argue that <u>if</u> there had been a line of credit, there would have been continuing obligations. Additionally, Plaintiff's attempt to support its position by relying on <u>Ast Sports Sci., Inc. v. CLF Distrib. Ltd</u>, Case No. 06-1157, 2008 U.S. App. LEXIS 1869 (10th Cir. January 28, 2008) is also flawed. In that case there was a contract document, though unsigned, between the parties (which was not the case here); in that case the party challenging jurisdiction returned to Colorado from England every few months for a period of time to meet and discuss business (Defendant here never came to Illinois); and in that case orders were placed by and products sold to the defendant on a monthly basis from 1999 to 2005 (Defendant here had no dealings with Plaintiff other than e-mails).

Plaintiff's final assertion was that "this was a commercial transaction and Heard's actions were directed at Illinois". Identifying that which transpired as a "commercial transaction" does not make it one. At one point, Defendant did attempt to obtain funds for Plaintiff, with Plaintiff purportedly attempting to secure same with real estate or other assets. Plaintiff never provided any type of security. Nor does characterizing Defendant's efforts on Plaintiff's behalf as a commercial transaction defeat Illinois' Statute of Frauds requirement that such a contract be in writing. As for the assertion that Defendant's actions were directed at Illinois, there were no actions other than a four (4) or five (5) e-mails sent to Plaintiff by Defendant.

Plaintiff's reliance on <u>Burger King</u>, supra, is misplaced. In that case the defendant (a franchisee in Michigan) established a substantial and continuing relationship with Burger King (the franchisor in Miami), and received fair notice from the contract documents and the course of dealings that he might be subject to suit in Florida. In our case there was no "continuing relationship", no contract and no course of dealings. Most significantly, Plaintiff failed to include the more pertinent language from the court's

2

decision. In the first instance, the "efforts purposefully directed toward residents of another State" language was qualified by the court's "and where jurisdiction would not otherwise offend fair play and substantial justice" language. However, in our case the most persuasive language used by the court was as follows:

> "An individual's contract with an out-of-state party cannot alone automatically establish sufficient minimum contacts in the other party's home forum. Instead, the prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, must be evaluated to determine whether a defendant purposefully established Minimum contacts within the forum".

This court's exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. The Defendant, who is not an attorney, had no contract with Plaintiff; had never come to Illinois to discuss or do business with Plaintiff; and had never engaged in any business activity in Illinois with Plaintiff, in particular, or with any other parties, in general.

II.  **Plaintiff: Plaintiff Has Not Alleged In Rem Jurisdiction.**

**Defendant: The Court Has No In Rem Jurisdiction.**

The Defendant and the Plaintiff are in agreement that this court has no in rem jurisdiction.

III.  **Plaintiff: Venue is Proper in Illinois.**

**Defendant: Venue is properly situated in Philadelphia, Pennsylvania.**

Plaintiff asserts that this court has venue based on 28 U.S. Code, Section 1391 (a)(2). Defendant asserts that this court does not have jurisdiction. That is true for two (2) reasons. First, Illinois is not the jurisdiction in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. – Defendant had insufficient minimum contacts with the State of Illinois. Second, consistent with Section 1391 (a) (1), (2) and (3), venue is properly situated in Philadelphia, Pennsylvania.

Venue is based only on diversity of citizenship. The amount in controversy ($75,000.00) is not being argued. However, there would be no jurisdiction if the parties did not reside in different states. This, then, is a diversity case, not a federal question (subject matter) case. Therefore, as all of the pertinent activity or omissions giving rise to the claim occurred, or a substantial part of the property which is the subject of the action is situated in Philadelphia, Pennsylvania, venue should be in Philadelphia, Pennsylvania.

3

CERTIFICATE OF SERVICE

The undersigned, the Defendant in the case at issue, on oath certifies that on May 19, 2008, he caused to be served by overnight mail a copy of the attached Defendant's Reply To Plaintiff's Response To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, Defendant's Motion To Dismiss For Lack Of In Rem Jurisdiction, and Defendant's Motion For A Change Of Venue.

(✓) Under penalties as provided by law pursuant to 28 U.S.C., 1746, the undersigned certifies that the statements made herein are true and correct, or on information and belief, certified that he believes the same to be true and correct.

JOSEPH L. HEARD, SR.

4000 Presidential Boulevard, Suite 901
Philadelphia, PA 19131

Date: May 19, 2008