# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6136 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Strategic Lending Solutions, LLC vs. Joseph L. Heard, Sr., d/b/a JLH & Associates | | |

**DOCKET ENTRY TEXT**

In accordance with the analysis set forth in the Statement portion of this order, plaintiff Strategic Lending Solutions, LLC is to file with the court on or before 9/23/2008 a jurisdictional statement identifying the citizenship of each of its members as of the date the Complaint was filed. Defendant Joseph Heard's "Motion to Dismiss for Lack of Personal Jurisdiction, Defendant's Motion to Dismiss for Lack of In Rem Jurisdiction, and Defendant's Motion for a Change of Venue" [19] remains under advisement. Strategic Lending Solutions' Motion for Default Judgment [8] is denied in light of the filing of defendant Heard's Answer on February 19, 2008.

■[ For further details see text below.]                                                                                              Notices mailed.

## STATEMENT

     In its Complaint, Strategic Lending Solutions, LLC ("SLS") identifies itself as "a limited liability company organized under the laws of Illinois." (Compl. ¶ 1.) SLS further alleges that defendant Joseph L. Heard, Sr. ("Heard") "is a citizen of Pennsylvania doing business as JLH & Associates," and that subject-matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1332, "because there is complete diversity of citizenship between the parties and the amount in controversy is greater than seventy-five thousand dollars ($75,000)." (*Id.* ¶¶ 4, 5.)

     Heard agrees with SLS that "there is complete diversity of citizenship between the parties" pursuant to 28 U.S.C. § 1332. (Am. Ans. ¶ 5.) The court is not so sure. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 135 (7th Cir. 1996) (parties cannot confer subject-matter jurisdiction upon a court by stipulation of jurisdictional facts). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)). In this case, SLS has not informed the court of the citizenship of its members, and the court finds itself reluctant to rely on SLS's "naked declaration that there is diversity of citizenship." *Thomas*, 487 F.3d at 533; *cf. Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003) ("the magistrate judge should have checked all of this independently").

     "Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007) (quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)); *see also Belleville Catering Co.*, 350 F.3d at 693. To that end, the court directs SLS to file

**STATEMENT**

on or before 9/23/2008 a jurisdictional statement identifying the citizenship of each of its members as of the date the Complaint was filed "and, if those members have members, the citizenship of those members as well." *Thomas*, 487 F.3d at 534. Because Heard has been sued in his individual capacity and admits that he is a citizen of Pennsylvania doing business as JLH & Associates, (Am. Ans. ¶ 4), Heard need not file a further jurisdictional statement with the court.

Finally, the court notes that Heard has denied in his Amended Answer that the amount in controversy exceeds $75,000. (Am. Ans. ¶ 5). In his numerous filings with the court Heard has made no argument in support of this assertion, and the court finds that the allegations of the Complaint are sufficient to satisfy the amount in controversy requirement. *See LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) ("[o]nly if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed") (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).